IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawn Young,                         :

     Plaintiff,               :

  v.                                 :      Case No. 2:09-cv-0038

City of Cambridge, et al.,           :      JUDGE SARGUS

     Defendants.              :

## ORDER

This case is before the Court to consider defendants' motions for an extension of the case schedule and for a Rule 35 medical examination of the plaintiff. For the following reasons, both motions will be granted.

### I. Background

This is a §1983 case in which plaintiff, Shawn Young, claims, among other things, that his shoulder was dislocated during an arrest which occurred on December 14, 2007, and that he was denied appropriate medical treatment after the arrest. He specifically alleges that he "suffered serious and debilitating personal injuries ...." Complaint, Doc. #3, ¶28. The prayer for relief includes a request for compensatory damages.

On January 29, 2010, defendants filed a motion asking the Court to order Mr. Young to appear in the office of Dr. Joseph Schlonsky for a physical examination on February 9, 2010. Dr. Schlonsky is an orthopedic surgeon. The examination was requested under Fed.R.Civ.P. 35. On the same day, defendants moved for an extension of time to make their expert witness disclosures, noting that the parties had conducted depositions in December, 2009, that they had not gotten all of Mr. Young's medical records yet, and that they only recently determined what type of experts they would need. At the Court's request, the

briefing on these motions was expedited, and the final briefs were filed on February 8, 2010.

## II. The Medical Examination

The first issue raised by these motions is whether Mr. Young can be required to appear for a medical examination under Rule 35. That rule provides that when a party's physical or mental condition "is in controversy" the Court may require that party "to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35(a)(2)(A) provides that an order compelling such an examination "may be made only on motion for good cause ...." Mr. Young does not dispute that by filing his complaint alleging personal injuries and seeking damages for them, he placed his physical condition in controversy. However, he argues that there is no good cause for the defendants to have him examined by a physician of their choice. In particular, he contends that good cause does not exist for a Rule 35 examination when complete information about a party's physical condition can be obtained from his own treating physicians' records.

The burden is on the party seeking the examination to demonstrate both that the party to be examined has placed his physical or mental condition in controversy and that there is good cause for an examination. Schlagenhauf v. Holder, 379 U.S. 104 (1964). The "in controversy" requirement can be satisfied through an evidentiary showing or simply from review of the pleadings. Id. at 119. The "good cause" requirement is satisfied, in part, by a showing that the requested information cannot be obtained by other means. Id. at 118; Marroni v. Matey, 82 F.R.D. 371, 372 (E.D. Pa. 1979). It also appears to require a showing that, in a particular case, there is some reason for the examination other than the fact that a party's mental or physical condition is at issue, such as a reasonably-based belief that the

examination will reveal information about that condition which is adverse to conclusions reached by other examining physicians. See, e.g., Anson v. Fickel, 110 F.R.D. 184 (N.D.Ind. 1986). Otherwise, the Court would routinely grant a Rule 35 request in any case where a party claimed any physical or psychological injury, a result seemingly inconsistent with Schlagenhauf's requirement that the Court make a "discriminating application" of Rule 35.

In their reply brief, the defendants point out, first, that Mr. Young claims his shoulder injury is permanent and that he continues to have reduced range of motion and loss of strength in that joint. They also note that there is information in the records that have been obtained suggesting that the injury came from a fall in Mr. Young's kitchen rather than from any force applied during the arrest, and they argue that an examination may shed light on the cause of the injury as well.

These assertions are sufficient to satisfy Rule 35's good cause standard. It is important to note that in Schlagenhauf itself, it was not the injured plaintiffs whose examinations were sought, but the driver of the bus involved in the collision, who had done nothing to place his condition at issue. In a case where the injured plaintiff seeks to recover money from the defendant for injuries that are alleged to be both serious and permanent, such an examination is the norm rather than the exception. See, e.g., Ali v. Wang Laboratories, 162 F.R.D. 165, 166 (M.D. Fla. 1995) ("Since plaintiff's ... condition is in controversy and substantial damages are asserted, it is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony"); Roberson v. Bair, 242 F.R.D. 130, 137 (D.D.C. 2007) ("While deposing [Plaintiff's treating doctor] would provide Defendant with some of the mental health information it seeks from Plaintiff, it cannot possibly provide

Defendant with the information it needs to challenge and rebut Plaintiff's claim...,"); see also Womack v. Stevens Transport, 205 F.R.D. 445, 447 (E.D. Pa. 2001), where the court stated:

> A[n] ... IME would be relevant in this case because without it, the Defendant's defense would be limited to the mere cross-examining of evaluations offered by Plaintiff's experts. [Citation omitted]. The promulgators of Rule 35 deemed that the opportunity to cross-examine was an "insufficient test of truth" and as a result, independent examinations were prescribed.

The situations where the courts have declined to find good cause usually relate to claims of injuries that have resolved, claims of "garden variety" emotional distress which would not be illuminated by such an examination, see Curtis v. Express, Inc., 868 F.Supp. 467 (S.D.N.Y. 1994), or where, as in Schlagenhauf, it is not the injured plaintiff whose examination is being requested. Therefore, the Court finds good cause in this case for the examination sought by defendants.

In the alternative to an order denying the motion, Mr. Young has asked for a protective order based on allegations about the chosen examiner, Dr. Schlonsky. These allegations are not supported by any evidence suggesting that they are true. Nevertheless, defendants have agreed that the examination can be recorded by audio or video means and that Mr. Young's attorney may attend the examination so long as he or she does not interfere with its conduct. Defendants have also attempted to accommodate Mr. Young's request for a more convenient date by rescheduling the examination to February 23, 2010. The Court agrees that these accommodations should be adequate to address Mr. Young's request for a protective order governing the time and method of the examination and it will incorporate them into this order.

### III. Revising the Case Schedule

The only revision to the case schedule which defendants have requested is a four-week extension of their date for disclosing expert witnesses. That date is currently January 31, 2010, and would be February 26, 2010 if extended as defendants suggest. Mr. Young does not necessarily oppose such an extension, but has asked for two rulings in addition: first, that the summary judgment motion date also be extended for four weeks, and second, that he be allowed to call both his treating physicians and any rebuttal experts as witnesses. The reply memorandum does not address this latter issue, so there is no controversy concerning it currently before the Court to resolve.

The defendants' motion does show good cause for an extension of the January 31 date, so their motion will be granted. The Court agrees with defendants that this extension should not affect either the date by which summary judgment motions should be filed (currently March 31, 2010) or the plaintiff's response date, but if the latter cannot conveniently be met due to this extension, that problem can be addressed at an appropriate time. Further, since this order affects only the date by which the defendants must make expert disclosures, no other dates should be affected except for the discovery cutoff date, which, as it currently stands, would not appear to allow Mr. Young adequate time to depose the defendants' experts. The Court will therefore extend that date for one month for that purpose.

### IV. Disposition and Order

For the foregoing reasons, defendants' motions for an extension of their expert witness disclosure date (#25) and for a Rule 35 medical examination of the plaintiff, Shawn Young (#27) are granted. The new expert witness disclosure date is February 26, 2010. The discovery cutoff date is extended to March 31, 2010, in order to allow plaintiff to conduct expert discovery

from the defendants.  Further, Mr. Young is ordered to appear for a medical examination to be conducted by Dr. Joseph Schlonsky at that physician's office on February 23, 2010, at 11:00 a.m. Plaintiff's counsel may attend the examination and it may be recorded by either audio or video means so long as counsel's attendance, and the method of recording, do not interfere with the orderly conduct of the examination.

## V.  Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge